# UNITED STATES DISTRICT COURT
for the
### Eastern District of Kentucky
### London Division

| | |
|---|---|
| Ray Couch ) | |
|     *Plaintiff* ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| Midland Funding, LLC ) | |
|     *Defendant* ) | |
| Serve: ) | |
|     Corporation Service Company ) | |
|     421 W. Main Street ) | |
|     Frankfort, KY 40601 ) | |
| ) | |
| Midland Funding NCC-2 Corp. ) | |
| Serve: ) | |
|     Corporation Service Company ) | |
|     2711 Centerville Road, Suite 400 ) | |
|     Wilmington, DE 19808 ) | |

\*   \*   \*   \*   \*

## INTRODUCTION

    1.    This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

## JURISDICTION AND VENUE

    2.    Jurisdiction of this court arises under 15 U.S.C. § 1692k. Venue is proper, because many of the relevant events affected and/or damaged the Plaintiff who is a consumer living within Perry County, Ky., which is located within this District.

## PARTIES

3. Plaintiff Ray Couch is a natural person who resides in Perry County, Ky. Mr. Couch is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant Midland Funding, LLC ("Midland") is a Delaware limited liability company, which has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Midland's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

5. Midland is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

6. Defendant Midland Funding NCC-2 Corp. ("Midland NCC-2") is a Delaware corporation, which has not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Midland NCC-2's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

7. Midland NCC-2 is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## BACKGROUND

8. On April 10, 2007, Midland NCC-2 filed suit against Mr. Couch in the Perry District Court of Perry County, Kentucky under Case No. 07-C-00204 (the "Perry Collection Case"), to collect a charged-off credit card debt originated by Citibank, N.A.

9. Mr. Couch used the Citibank credit card at the basis of the Perry Collection Case only for personal, family, and household purposes, which makes Citibank debt a "debt" within the meaning of the FDCPA.

10. The Perry District Court entered a default judgment in Midland NCC-2's favor in the Perry Collection Case on August 28, 2007 (the "Default Judgment").

11. Midland NCC-2 may have, either before or after obtaining the Default Judgment, transferred or assigned its interest in the underlying debt and/or judgment to Midland.

12. A true and accurate copy of the Default Judgment is attached as Exhibit "A."

13. The Default Judgment provides in pertinent part:

> This action coming on to be heard on the plaintiff's complaint, it is considered and adjudged that the plaintiff, Midland Funding NCC-2 Corporation, recover of the defendant, Ray Couch, the sum of $1,727.13 plus interest at the rate of 8.000% per annum from January 10, 2007 until date of judgment, then 12.000% per annum thereafter until paid, and the further sum of $431.78 attorney's fees pursuant to KRS 286.3-750, and its court costs for all of which execution may issue forthwith. This is a final Judgment and there is no just reason for delay in its entry.

14. While the Default Judgment awards Midland NCC-2 "its court costs," no amount of court costs is included or set forth in the default judgment.

15. Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, requires the prevailing party to file and serve a bill of costs on the defendant, as follows:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions

>to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

16. The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to provide the judgment debtor a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and **(ii)** to subject the award of costs to judicial oversight and review, and to set limits as to what the prevailing party may add as court costs and eligible litigation costs.

17. If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs or eligible litigation costs from the losing party.

18. Midland NCC-2 did not file a bill of costs in the state court action.

19. Midland NCC-2 did not serve a bill of costs on Mr. Couch.

20. Under Kentucky law, a bill of costs must be filed within a reasonable time in order for a prevailing party to able to recover court costs.

21. There is no supplemental judgment entered in the Perry Collection Case awarding Midland NCC-2 costs.

22. On or about October 9, 2007, Midland NCC-2 recorded a Notice of Judgment Lien on Real Estate with the Perry County Clerk of Perry County, Kentucky pursuant to the Default Judgment (the "Judgment Lien").

23. A true and accurate copy of the Judgment Lien is attached as Exhibit "B."

24. The Judgment Lien states in pertinent part:

```
No. 07-C-00204                                           Perry District Court
                                                                    Division
                              NOTICE OF
                           JUDGMENT LIEN
                           ON REAL ESTATE

JUDGMENT DEBTOR:          10-9-07        JUDGMENT CREDITOR:

Ray Couch                                Midland Funding NCC-2 Corporation
                                         Judgment Amount: $2,345.00
[REDACTED]                               Interest rate:   12.000%
                                         from September 22, 2007 until paid
                                         Judgment Date: August 28, 2007
```

25.     Based on the amounts awarded in the judgment, the Judgment Lien overstates the amount due in the judgment by at least $73.00.

26.     Mr. Couch did not receive a copy of the Judgment Lien.

27.     In late summer or early fall of 2016, Mr. Couch applied for a loan with Peoples Bank for home improvements.

28.     Peoples Bank denied Mr. Couch's loan application in whole or in part due to the bank discovering the Judgment Lien as part of its due diligence.

29.      Until Peoples Bank discovered the Judgment Lien and brought it to Mr. Couch's attention when it denied his loan application, Mr. Couch had no knowledge that the Judgment Lien existed.

30.     Mr. Couch first learned and discovered the Judgment Lien when Peoples Bank denied his loan application in the late summer or early fall of 2016.

31.     Mr. Couch promptly contacted counsel for Midland NCC-2 in an attempt to settle the Default Judgment and obtain a release of the Judgment Lien.

32.     Midland NCC-2 misrepresented the amount due on the Default Judgment in the settlement negotiations by including court costs in the amount of the Default Judgment that

Midland NCC-2 had no legal right to recover from Mr. Couch, because at no time did Midland NCC-2 file a bill of costs in Perry District Court Case No. 07-C-00204.

33. Mr. Couch promptly paid the settlement amount to Midland NCC-2 upon learning of the Judgment Lien.

34. Part of the settlement payment went to pay court costs that Midland NCC-2 had no legal right to recover from Mr. Couch.

35. Midland NCC-2 entered a Notice of Satisfaction of Judgment on November 7, 2016.

36. Midland NCC-2 failed to release the Judgment Lien after receiving and accepting Mr. Couch's settlement payment.

37. Mr. Couch's reason for settling the Default Judgment was to obtain a release of the Judgment Lien.

38. Mr. Couch routinely checked the public records to determine whether Midland NCC-2 has released the Judgment Lien.

39. Mr. Couch last contacted the Perry County Clerk's office on February 2, 2017.

40. The Perry County Clerk's Office told Mr. Couch that Midland NCC-2 still had not released the Judgment Lien as of February 2, 2017.

41. By its post judgment collection conduct Midland and/or Midland NCC-2 violated the FDCPA by **(i)** misrepresenting the amount of the Default Judgment; **(ii)** overstating the amount due on the Default Judgment in the Judgment Lien; **(iii)** collecting and attempting to collect court costs from Mr. Couch that neither Midland nor Midland NCC-2 had any legal right to collect from him; and **(iv)** allowing the Judgment Lien to remain in place after Mr. Couch paid the settlement in full. *See Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 535 (6th Cir. 2014) (holding that

"[m]aintaining an invalid lien against a debtor's home falls comfortably within the kinds of practices Congress has identified as unfair").

### Claims for Relief: Violation of the Fair Debt Collection Practices Act

42. The foregoing acts and omissions of Midland Funding, LLC constitute violations of the FDCPA, including, but not limited to violations of 15 U.S.C. § 1692e; 15 U.S.C. § 1692f; and one or more subsections of each section.

43. The foregoing acts and omissions of Midland Funding NCC-2 Corporation constitute violations of the FDCPA, including, but not limited to violations of 15 U.S.C. § 1692e; 15 U.S.C. § 1692f; and one or more subsections of each section.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ray Couch requests that the Court grant him the following relief:

1. Award Plaintiff actual damages;
2. Award Plaintiff maximum statutory damages against each Defendant;
3. Award Plaintiff reasonable attorney's fees and costs;
4. A trial by jury; and
5. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James H. Lawson
James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue Unit #4
Louisville, KY 40207
Tel:   (502) 473-6525
Fax:   (502) 473-6561

-8-

james@kyconsumerlaw.com

James R. McKenzie
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Ave. Suite 4
Louisville, KY 40207
Tel:     (502) 371-2179
Fax:    (505) 257-7309
jmckenzie@jmckenzielaw.com